IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHNNY BAUR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CAUSE NO. 04-CV-890-WDS |
| | ) |
| **POWERSCREEN USA, LLC.,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's motion for judgment on the pleadings or in the alternative for summary judgment, to which plaintiff has not filed a response.

In order to address the motion, it is necessary to set forth the relevant procedural history of this case. Plaintiff's original complaint, filed November 4, 2004 and alleging claims for strict liability and negligence, names as defendants Powerscreen of Mid-America, Inc. and Powerscreen USA, LLC.[1] The complaint seeks damages for injuries arising out of an incident that occurred on November 16, 2002. The complaint mentions Powerscreen USA, LLC only twice, once in the style and once to set forth that Powerscreen USA, LLC is a corporation organized under the laws of the State of Kentucky with its principal place of business in Kentucky.

Powerscreen USA, LLC filed a motion to dismiss or for more definite statement, claiming that the complaint failed to state a viable claim against it. Before that motion was ruled on, plaintiff filed a motion to amend by interlineation, which sought to add Powerscreen USA, LLC to each cause of action set forth in the original complaint; that motion was granted by

---

[1] Powerscreen of Mid-America, Inc. has been dismissed from this action.

Magistrate Judge Wilkerson on January 10, 2005. Plaintiff filed his amended complaint on January 24, 2005.

Defendant moves for judgment on the pleadings, on the ground that Illinois' two-year statute of limitations, see, 735 ILCS 5/13-202, bars plaintiff's action against it because plaintiff added Powerscreen USA, LLC as a new party on January 24, 2005, and the amendment does not relate back to the date that the original complaint was filed. For reasons stated below, the Court denies defendant's motion.

As defendant points out, Rule 15(c) of the Federal Rules of Civil Procedure governs "relation back". Rule 15(c) states:

> Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Defendant relies upon, *inter alia*, *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974), to support its argument that plaintiff's claim against it does not relate back to the date of the original complaint because the amendment does not satisfy the requirements of Rule 15(c)(3) (or the state law in question, see Rule 15(a)(1)). In *Potter*, the Seventh Circuit held that: "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly

dismissed...." *Id.* at 1207. Defendant argues that because plaintiff did not set forth any causes of action against it in the body of the original complaint, it did not actually become a party to this action until January 24, 2005, when plaintiff amended the complaint to add allegations against Powerscreen USA, LLC , and that the amendment against Powerscreen USA, LLC does not relate back to the date of the original complaint.

The fatal flaw in defendant's argument is that the amended complaint did not render Powerscreen USA, LLC a "new" party to this action, and so Rule 15(c)(3) does not apply here; there is no question of plaintiff having "added" a defendant in its amended complaint.[2] See, e.g., *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 561 (7th Cir. 1996) ("one of the major purposes of Rule 15(c) is to determine when an amended complaint joining *new* parties will relate back") (emphasis added). While plaintiff's original complaint may have failed to state a claim against it, Powerscreen USA, LLC was nonetheless a party to this lawsuit, named as a defendant and served with a summons and complaint. In other words, although plaintiff may have failed to state a claim against Powerscreen USA, LLC in the original complaint, a dismissal of the original complaint as to Powerscreen USA, LLC would not have nullified the fact that Powerscreen USA, LLC had already become a party to this action.[3]

Based on the foregoing, the Court **DENIES** defendant's motion for judgment on the pleadings or in the alternative for summary judgment.

**IT IS SO ORDERED.**

---

[2] Further, insofar as Rule 15(c)(2) applies here, the Court finds that the claims asserted in the amended complaint arise out of the "conduct, transaction, or occurrence set forth ... in the original pleading."

[3] Although it is an unreported decision, the Court finds instructive the district court's conclusion in *Whittaker v. Northern Il. Univ. Bd. of Trustees*, 2002 WL 992660 (N.D. Ill. May 14, 2002) (unreported). In that case, the plaintiff named defendants Wilhelm and Slater in the original complaint. Those two defendants were subsequently dismissed. Plaintiff then filed an amended complaint, again naming those two defendants, who argued that plaintiff's amended complaint effectively added them as new defendants to the lawsuit, and that the amendment did not relate back to the date of the original complaint. *Id.* at 2. The court found, *inter alia*, that because both Wilhelm and Slater were named as defendants in plaintiff's original complaint, they were not "new" parties. *Id.*

**DATED:** August 15, 2005.

        **s/ WILLIAM D. STIEHL**
          **DISTRICT JUDGE**