**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHNNY BAUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 04-CV-890-WDS |
| | ) | |
| POWERSCREEN USA, LLC., | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAUR TRUCKING COMPANY, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's motion for summary judgment, to which plaintiff has filed a response.

Plaintiff's third amended complaint alleges that while attempting to remove a piece of angle iron from a conveyor system that was part of a screening plant, plaintiff's arm became tangled in the drum shaft, causing serious injury to plaintiff. The third amended complaint further alleges: that the screening plant was "sold, distributed, manufactured, designed, modified, or substantially constructed or altered" by defendant; that defendant was negligent in that it failed to ensure that the screening plant's access panel was interlocked, failed to provide a disabling feature on the screening plant, and failed to provide adequate warning of the dangers associated with the screening plant; and that defendant's negligence caused plaintiff's injuries. Plaintiff was employed by Baur Trucking Company, a third-party defendant in this case. According to Ray Baur, the equipment was owned by Baur Equipment Company. Ray Baur is the sole shareholder of both Baur Trucking and Baur Equipment. (See, Doc. 61, Ex. 1 at pp. 6,

8, Ex. 2). Defendant moves for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating that judgment should be granted as matter of law.  See, *Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial.  See, *id.*  In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. See, *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

Defendant moves for summary judgment on the ground that, under *Busch v. Graphic Color Corp.*, 662 N.E.2d 397 (Ill. 1996), plaintiff is not a member of the class whom defendant should have expected would use the screening plant.  See, *id.* at 410.  In *Busch*, the decedent died while cleaning ink vats with a paint stripper supplied to a company named R. Busch Drum, Inc. Based on the following facts, the court held that section 388 of the Restatement (Second) of Torts (1965)[1] barred the plaintiff's action in that the defendant did not owe a duty to the

---

[1]Section 388 states:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

decedent: the decedent did not work for R. Busch Drum, Inc., the company for whom the paint stripper was provided; the decedent was not directed or requested by anyone at R. Busch Drum, Inc. to work with the paint stripper; no one knew that the decedent was at the scene of the accident with the paint stripper until after the accident had occurred; and, other than being the wife of the owner of R. Busch Drum, Inc., the decedent had no relation to the company. *Id.* at 409-410.

Defendant draws the following comparison between the facts of *Busch* and the facts of the instant case: plaintiff never worked for Baur Equipment Company, the company that owned the screening plant (see, Doc. 61, Ex. 1 at pp. 8, 11);[2] plaintiff was never told by anyone at Baur Equipment or Baur Trucking to work with the screening plant, and in fact no one knew he was at the scene of the accident until the accident occurred (see, *id.* at pp. 9, 22, Ex. 2 at 28, Ex. 3 at p. 8); and plaintiff has no connection to Baur Equipment Company other than his relationship to Roy Baur (his father), the sole shareholder of that company. (See, *id.*, Ex. 1 at p. 11).

In response, plaintiff correctly asserts that the *Busch* court relied solely upon section 388, which applies to all suppliers of chattel, and suggests that because defendant sold (rather than merely supplied in any other sense) the screening plant to Baur Equipment or Baur Trucking, the more "stringent duties" applicable to sellers of chattel found under Topic 4 (sections 399 to 402) apply here. The problem with plaintiff's argument is that those sections apply to "sellers of chattel manufactured by third persons." For instance, section 399 states that "A seller of a chattel, manufactured by a third person, who sells it knowing that it is, or is likely to be, dangerous is subject to liability as stated in §§ 388-390." Here, plaintiff's complaint alleges that defendant manufactured and sold the screening plant; therefore, section 388 (and not section 399) is applicable. Moreover, even if "[t]he special liabilities which are imposed upon a seller of

---

[2]It is unclear from the record whether Baur Equipment Company or Baur Trucking Company actually owned the screening plant at the time of the incident. (Contrast, Doc. 66, Ex. 2 with Doc. 61, Ex. 1 at p. 8, ll. 10-22).

a chattel manufactured by another because of the fact that he sells it as his own product, because it is bought in reliance upon his competence and care, and because of his peculiar facilities for observing the dangerous character of the chattel... [as] stated in §§ 400-402," Restatement (Second) Torts) § 399 cmt. a (1965), apply here, there is no reason to presume that a seller of chattel manufactured by another should be liable, any more than a general supplier of chattel, to persons other than those whom it "should expect" to use the product in question. See, *Busch*, 662 N.E.2d at 409-410.

      Finally, although plaintiff argues that defendant is subject to rules which apply to sellers and that "defendant owed plaintiff various duties arising from different sections of the Restatement," the Court notes that, other than directing the Court to "Topic 4," plaintiff fails to elucidate precisely what other duty or duties were owed by defendant. Based on the foregoing, the Court finds that *Busch* constitutes the applicable precedential authority in this case. Accordingly, the only issue that remains is plaintiff's claim that, even under the duty delineated in section 388, defendant owed plaintiff a duty.

      Plaintiff attempts to distinguish the facts of *Busch* from the facts of this case. Specifically, plaintiff asserts that, while the decedent in *Busch* had no prior contacts with or authorization to use the paint stripper, plaintiff in the instant case had numerous prior contacts with the screening plant and was an authorized user. Plaintiff does not contest that he was not directed to work with the screening plant on the day in question, but argues, however, that he previously received several requests to work with the screening plant. Roy Baur testified that he had trained plaintiff to use the screening plant. (See, Doc. 66, Ex. 6 at pp. 9-10). Plaintiff had periodically used the machine, typically every three months or so. (See, *id.*, Ex. 5 at p. 13). Plaintiff had engaged in general maintenance and repair of the screening plant, and as a trained long-term employee, plaintiff did not have to seek permission to use the screening plant. (See, *id.*, Ex. 1, Ex. 6 at p.13). Plaintiff argues that, applying these facts to the standard set forth in *Busch*, plaintiff was a member of the class whom defendant should have expected to use the screening

plant. The Court cannot conclude with certainty that plaintiff was a member of such class.

However, the Court finds that, in light of the evidence offered by plaintiff and construing all facts in the light most favorable to plaintiff, the facts of this case are sufficiently distinguishable from those of *Busch* so as to allow plaintiff to avoid summary judgment. Here, a genuine issue of material fact exists as to whether, at the time of the accident, plaintiff was a member of the class whom defendant should have expected to use the screening plant.

Based on the foregoing, defendant's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 3, 2005.**


                              **s/ WILLIAM D. STIEHL**
                                   **DISTRICT JUDGE**