IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY BAUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-890-WDS |
| ) | |
| POWERSCREEN USA, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion to Amend/Correct Scheduling Order filed by the defendant, Powerscreen USA, LLC, on April 20, 2006 (Doc. 77) and the Motion to Continue and/or Reset Settlement Conference filed by Powerscreen on June 15, 2006 (Doc. 94). The motion to amend is **GRANTED** and the motion to continue is **GRANTED IN PART**.

On June 28, 2006, this Court held a status conference as indicated in the June 29, 2006 Minute Entry (Doc. 97). The defendant indicated that it seeks additional time to conduct discovery related to an OSHA report that is relevant to the plaintiff's claims, the defendant's defenses, and the opinion of the plaintiff's expert, Fred Semke. The defendant indicated that the document relied on by Mr. Semke is not the entire OSHA report, but a part thereof, and that additional time is required to fully explore the impact of the report on this lawsuit.[1] The defendant specifically requests additional time to: 1. Depose a representative from OSHA regarding the report; 2. Redepose Roy Baur regarding the report; 3. Discover the original

---

[1] At the conference, no party leveled any accusation that any attorney was intentionally withholding evidence in this matter. Indeed, the parties appeared to be cooperating in discovery and they were generally in agreement during the conference. In light of the representations at the conference, it is unclear whether the plaintiff still seeks to strike (Doc. 96) the defendant's reply (Doc. 92) to the motion to bar (Doc. 74). If this motion no longer is being pursued, the plaintiff should file a motion to withdraw it.

photographs attached to the report; and, 4. Redepose the plaintiff's expert regarding the entire report and its effect on his opinion. The plaintiff and the third party have no objection to the re-opening of discovery for these purposes.

In addition, the parties also discussed the value of a settlement conference. The defendant indicated that such a conference will be futile as it will not make a settlement offer.

Pursuant to the discussions at the status conference, then, the following is hereby

**ORDERED:**

1. The discovery deadline is extended to **September 22, 2006** for the limited purposes set forth above.

2. The defendant and third party defendant may file supplements to their motions for summary judgment (Docs. 70 and 75), in light of any additional discovery only, by **October 6, 2006**.

3. Responses to motions for summary judgment may be supplemented, again, in light of the additional discovery only, by **October 20, 2006**.

4. The settlement conference date of July 10, 2006 is hereby **CANCELLED**.

5. The Final Pretrial Conference is **RESET** to **January 19, 2007 at 2:00 p.m.** before Senior District Judge William D. Stiehl.

6. The presumptive trial month is **RESET** to **February, 2007** before Senior District Judge William D. Stiehl.

If, after the additional discovery, the parties believe that a settlement conference will be beneficial, they may contact chambers for a new date.

**DATED: June 29, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
