IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY BAUR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO. 04-CV-890-WDS |
| | ) |
| POWERSCREEN USA, LLC., | ) |
| | ) |
|     Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BAUR TRUCKING COMPANY, INC., | ) |
| | ) |
|     Third-Party Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are defendant Powerscreen USA, LLC's motion for summary judgment (Doc. 70), to which plaintiff has responded (Doc. 86), and defendant replied (Doc. 89), and third-party defendant Baur Trucking Company, Inc.'s motion for summary judgment (Doc. 75), to which third-party plaintiff Powerscreen has responded (Doc. 83), and third-party defendant Baur Trucking has replied (Doc. 91). For the reasons set forth below, both motions are denied.

### Background

Plaintiff's third amended complaint (Doc. 51) alleges that while attempting to remove a piece of angle iron from a conveyor system that was part of a screening plant—the Powerscreen Chieftain—plaintiff's arm became entangled in the drum shaft, causing serious injury to plaintiff. The third amended complaint further alleges: that the screening plant was "sold, distributed, manufactured, designed, modified, or substantially constructed or altered" by defendant; that defendant was negligent in that it failed to ensure that the screening plant's access panel was interlocked, failed to provide a disabling feature on the screening plant, and failed to provide adequate warnings of the dangers associated with the screening plant; and that defendant's negligence caused plaintiff's injuries. Defendant filed a third-party complaint

against Baur Trucking Company, Inc. ("Baur Trucking"), plaintiff's employer, alleging a right to contribution. According to Ray Baur, the equipment was owned by Baur Equipment Company. Ray Baur is the sole shareholder of both Baur Trucking and Baur Equipment. (*See,* Doc. 61, Ex. 1 at pp. 6, 8, Ex. 2). Defendant and third-party defendant both move for summary judgment. By Order dated June 29, 2006, the parties were granted additional time to conduct further discovery and to supplement their summary judgment pleadings. (Doc. 98). To date, none of the parties has taken advantage of this opportunity. Accordingly, the motions will be decided based on the original pleadings.

## Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating judgment should be granted as a matter of law. *See, Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *See, id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

## Defendant Powerscreen's Motion for Summary Judgment

Defendant Powerscreen moves for summary judgment on the grounds that it has not breached its duty as a supplier of chattels because a proper warning and instructions for use were provided with the product and were actually read by plaintiff prior to the accident, plaintiff had full knowledge of the danger and with that knowledge decided to risk putting his hand in the area of the danger, and had either the instructions and warnings been followed or the plaintiff's own

2

knowledge been heeded, there would have been no accident. Plaintiff asserts that under the doctrine of apparent manufacturer, defendant owed plaintiff the duty imposed upon manufacturers of products, and is therefore responsible for the allegedly negligent design of the product at issue. Plaintiff further argues that even if defendant only owed plaintiff a duty as a supplier of chattels, the defendant breached that duty.

This motion turns on what duty should be applied to defendant Powerscreen's conduct—whether defendant should be held accountable as a supplier of chattels or as a manufacturer. If defendant is merely a supplier of chattels, section 388 of the Restatement (Second) of Torts applies as follows:

> One who supplies directly . . . a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the matter for which and by a person for whose use it is supplied, if the supplier
>
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
>
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

Whereas, if defendant is held liable as a manufacturer, section 398 of the Restatement (Second) of Torts applies as follows:

> A manufacturer of a chattel made under a plan or design which makes it dangerous for the uses for which it is manufactured is subject to liability to others whom he should expect to use the chattel or to be endangered by its probable use for physical harm caused by his failure to exercise reasonable care in the adoption of a safe plan or design.

Plaintiff admits that defendant was not the actual manufacturer of the screening plant. However, plaintiff asserts that defendant should be held accountable under the doctrine of

apparent manufacturer. Under this doctrine, "a company that holds itself out to the public as the manufacturer of a product is liable for the injuries caused by that product if it is found to be unreasonably dangerous." *Root v. JH Industries, Inc.*, 660 N.E.2d 195, 198. Whether this holding out has occurred must be judged from the viewpoint of the purchasing public—i.e., was the purchasing public induced to believe that defendant was the actual manufacturer, and to act on this belief by purchasing the product in reliance on the apparent manufacturer's reputation and skill in making it. *Id.*

The only facts presented by plaintiff to support its argument that defendant held itself out as a manufacturer were that the machine was called a Powerscreen Chieftain, and that there was an engraved plaque bolted to the control panel of the machine that bore the name of defendant's predecesser, "Powerscreen of America, Inc." (Doc. 86-1, Ex. 1). The Court finds plaintiff's evidence of liability under the apparent manufacturer doctrine to be thin, at best. However, he has sufficiently stated an issue for trial, as summary judgment is a drastic remedy, and where doubt exists as to the right therefor, the wiser judicial policy is to permit resolution of the dispute by trial. *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 630 (Ill. 1994).

Here, a genuine issue of material fact exists as to whether defendant held itself out as the manufacturer of the product at issue. Defendant's motion for summary judgment (Doc. 70) is, therefore, **DENIED**.

### Third-Party Defendant's Motion for Summary Judgment

Powerscreen filed a Third-Party complaint against plaintiff's employer, Baur Trucking, alleging a right to contribution. Third-party defendant, Baur Trucking Company, Inc. ("Baur Trucking"), moves for summary judgment on the ground that it did not owe a duty to plaintiff at the time of the incident because plaintiff's injuries did not arise out of or in the course and scope of his employment with Baur Trucking, and Baur Trucking did not own the screening plant at issue. Baur Trucking claims that at the time of the incident, plaintiff was not engaged in work for any employer, but that earlier that day plaintiff had worked for Peggy's Hauling, not for Baur Trucking. It further claims that the equipment at issue was owned by Baur Equipment Company,

4

Inc., an entity entirely separate from Baur Trucking.  (Doc. 76-1).

Powerscreen argues that Baur Trucking employed the plaintiff on the date in question and that evidence exists that tends to show that Baur Trucking did indeed own the screening plant at issue.

The record does indeed contain evidence that plaintiff may have been working for Baur Trucking at the time of his injuries, and that Baur Trucking may have owned the equipment. For instance, at the end of his work day, plaintiff is allegedly required to turn in his paperwork at the office, which he had yet to do on the date in question. (Doc. 84, Ex. 2, p. 12). Baur Trucking owned the truck which plaintiff drove on the date in question. Peggy Holland of "Peggy's Hauling" is the sister of the plaintiff and the daughter of Ray Baur—Baur Equipment and Baur Trucking's owner. Peggy testified at her deposition that she "[does not] have like a totally separate business set up [from Baur Trucking]. [Peggy's Hauling] is just the name. It's easier for me to get some jobs with that name as opposed to [the] corporate name." (Doc. 84, Ex. 2, pp. 7-11). Further, Baur Trucking responded to an OSHA complaint involving the equipment at issue. (Doc. 84, Ex. 1).

Therefore, the Court **FINDS** that when looking at the facts in the light most favorable to the nonmoving party—Powerscreen—there clearly remains a genuine issue of material fact as to whether Baur Trucking owed a duty to the plaintiff. Accordingly, third-party defendant Baur Trucking's motion for summary judgment (Doc. 75) is **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATED:   March 28, 2007.**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**
